UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| DANIEL HAYES, | : | |
| | : | |
| Debtor. | : | Bky. No. 09-10879ELF |
| | : | |
| | : | |

# O R D E R

**AND NOW,** upon consideration of the Debtor's Motion to Convert Objection to Deutsche Bank's Proof of Claim to Adversary Proceeding ("the Debtor's Motion) (Docket Entry No. 43) and Deutsche Bank's Motion for Reconsideration of the Order (Docket Entry No. 46) ("the Motion to Reconsider") and further review of the Order granting the Debtor's Motion,

It is hereby **ORDERED** that

1. The Order dated September 10, 2009 (Docket Entry No. 44) is **SUPPLEMENTED** as follows:

    a. on or before **September 24, 2009**, the Debtor shall file the proposed complaint (attached to the Debtor's Motion as Ex. C), thereby initiating an adversary proceeding;

    b. unless Deutsche Bank consents to the contrary, the Debtor shall be obliged to effect service of the complaint and a summons in accordance with Fed. R. Bankr. P. 7004.

2. In all other respects, the Motion to Reconsider is **DENIED.**[1]

---

[1] Deutsche Bank contends that the Debtor's Motion should not be granted because the court previously denied the Debtor's motion to for leave to amend an pending adversary proceeding (Adv. No. 09-062) to add a claim that is based on the same factual matrix as the claims objection that is now being transformed into an adversary proceeding. Deutsche Bank suggests that the Debtor's Motion is an attempt to "reargue" a matter that has already been decided. Respectfully, I disagree.

The motion to amend the adversary proceeding was denied without prejudice to the Debtor's right to raise the claims that were the subject of the proposed amendment to the complaint. In other words, the denial of the motion was intended to prevent undue delay in the resolution of the pending adversary proceeding, not preclude the Debtor from asserting his claim. Following that ruling, apparently, the Debtor believed that the appropriate procedural vehicle for raising those claims was by

                                                                                                             *[signature]*

**Date:    September 17, 2009**                                                                      
                                                                                        **ERIC L. FRANK**
                                                                                       **U.S. BANKRUPTCY JUDGE**

---

objecting to Deutsche Bank's claim.  Now it appears that the proper course is for the Debtor to proceed by adversary proceeding.

       All that has occurred as a result of the entry of the Order granting the Debtor's Motion  is that the form of the proceeding authorized by the order denying the motion for leave to amend entered in Adv. 09-062 has changed.  There may now be two (2) adversary proceedings instead of one (1) adversary proceeding and one (1) contested matter.  For this reason, I see no inconsistency between he two (2) orders that have been entered.